13-1291
*Can v. Holder*

BIA
Vomacka, IJ
A089 082 405

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of April, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

DANILO NIJ CAN, AKA DANILO CAN, AKA DANICO NIJCAN, AKA DANILO NIJ,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

13-1291
NAC

FOR PETITIONER:            James Bouklas, Bouklas Gaylord
                           LLP, Syosset, New York.

FOR RESPONDENT:            Stuart F. Delery, Assistant
                           Attorney General; William C.

Peachey, Assistant Director; Rebecca Hoffberg Phillips, Trial Attorney, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED as to asylum, and DENIED in all other respects.

Petitioner Danilo Nij Can, a native and citizen of Guatemala, seeks review of a March 13, 2013, decision of the BIA affirming an August 12, 2011, decision of an Immigration Judge ("IJ") denying Can's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nij Can,* No. A089 082 405 (B.I.A. Mar. 13, 2013), *aff'g* No. A089 082 405 (Immig. Ct. N.Y. City Aug. 12, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered "both the IJ's and the BIA's opinions 'for the sake of completeness.'" *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (quoting *Wangchuck v. DHS*, 448

2

F.3d 524, 528 (2d Cir. 2006)).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Can has not challenged the denial of CAT relief, we address only the agency's rulings regarding asylum and withholding of removal.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

## I. Pretermission of Asylum

An asylum applicant must demonstrate "by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States," unless, in relevant part, the applicant establishes "changed circumstances which materially affect the applicant's eligibility" for asylum.  8 U.S.C. § 1158(a)(2)(B), (D).  Our jurisdiction to review an agency's determination regarding the timeliness of an asylum application is limited to constitutional claims and questions of law.  8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *see also Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 285 (2d Cir. 2009).  Here, we lack jurisdiction to review Can's challenge to the agency's pretermission of asylum because he

3

disputes only the correctness of the agency's factual determination that his brother's murder was not a changed circumstance, whereas his application was based on alleged incidents of persecution that predated the murder. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

**II. Withholding of Removal—Nexus Finding**

An alien is eligible for withholding of removal if it is more likely than not that his "life or freedom would be threatened in [the country of removal] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see also Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). We confine our review to the ground that Can raises in his brief: that he suffered and fears persecution because of his political opinion, defined as neutrality in response to gangs' threats and extortion. *See Yueqing Zhang*, 426 F.3d at 541 n.1.

The agency reasonably concluded that Can failed to establish a nexus to a protected ground. To establish persecution because of political opinion, Can was required

4

to demonstrate that gangs were motivated, at least in part, by their perception of Can's political opinion. *Id.* at 545. No evidence shows that the armed individuals threatened him for any reason other than pecuniary gain, let alone because of his political opinion or another protected ground. *Cf. INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992). While he testified that tried to resist giving in to the extortion, he did not show that he did so to express a political opinion. Further, he did not testify that he was involved in political activity or perceived to have a political opinion. To the contrary, he testified that he was targeted when he might have money, such as at a bank or restaurant. However, "persecution must be on account of an enumerated ground set forth in the Act, and general crime conditions are not a stated ground." *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73-74 (2d Cir. 2007) (per curiam) (affirming BIA's holding that "harm motivated purely by wealth is not persecution"). Accordingly, the agency did not err in finding that he failed to establish a nexus to a protected ground. *Elias-Zacarias*, 502 U.S. at 481 n.1.

For the foregoing reasons, the petition for review is DISMISSED as to asylum and DENIED in all other respects. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk